JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant Thomas Beach appeals[1] the trial court's judgment classifying him as a sexual predator following a hearing conducted on July 29, 2004. For the following reasons, we affirm.
On the evening of July 12, 1973, Beach abducted a fourteen-year-old girl who was walking home from a friend's house. He chased her, hit her over the head with a claw hammer, and threw her into his van. He raped her, beat her until she lost consciousness, and then abandoned her on the bank of the Ohio River. When the victim regained consciousness, she walked to the nearest road and flagged down a police officer. The victim required hospitalization and surgery to correct damage to her face. Beach was convicted of abduction for immoral purposes and rape, and the trial court sentenced him to a prison term of four to twenty-five years.
Nearly 30 years later, Beach was returned to Hamilton County, Ohio, for a sexualpredator-classification hearing. At that hearing, the trial court considered the circumstances surrounding the 1973 abduction and rape and Beach's criminal history. Beach's FBI record revealed that shortly a month after Beach had been released on parole for the 1973 crimes, he attacked two young children: he hit an eight-year-old boy with a claw hammer or mallet and attempted to rape the young boy's twelve-year-old sister. Beach was ultimately convicted of assault with serious injury against a juvenile and sentenced to a prison term in the North Carolina Department of Corrections.
At the conclusion of the classification hearing, the trial court determined that there was clear and convincing evidence that Beach was a sexual predator as defined in R.C. 2950.01(E). The trial court based its decision that Beach was likely to reoffend on the young age of the victim in the 1973 rape, the cruelty displayed during that rape, and Beach's pattern of targeting young victims, as evidenced by his conviction in North Carolina one month after being released on parole from the 1973 rape conviction.
On appeal, Beach now brings forth a single assignment of error in which he argues that the trial court abused its discretion by classifying him as a sexual predator without considering all the relevant factors in making its determination.
In order to adjudicate a defendant a sexual predator, a trial court must find by clear and convincing evidence that the defendant has been convicted of or pleaded guilty to a sexually-oriented offense and that "he is likely to engage in the future in one or more sexually oriented offenses."[2] "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases. It does not mean clear and unequivocal."[3]
There is no question that Beach's conviction for rape involved a sexually-oriented offense. Accordingly, the only issue before the trial court was whether Beach was likely to engage in another sexually-oriented offense.
In determining the likelihood of recidivism, a trial court is required to consider the following factors: (1) the offender's age; (2) the offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses; (3) the age of the victim of the sexually-oriented offense for which sentence is to be imposed; (4) whether the offense involved multiple victims; (5) whether the offender used drugs or alcohol to impair the victim of the sexually-oriented offense or to prevent the victim from resisting; (6) if the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually-oriented offense, whether the offender participated in available programs for sexual offenders; (7) any mental illness or mental disability of the offender; (8) the nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually-oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; "(9) whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty; and (10) any additional behavioral characteristics that contribute to the offender's conduct."[4]
The factors set forth in R.C. 2950.09(B)(3) are only potentially relevant in evaluating whether an offender is likely to engage in the future in a sexually-oriented offense.[5] Some may not be applicable in a given case, and "the judge has the discretion to determine what weight, if any, he or she will assign to each [factor]."[6] Because the factors do not absolutely control a judge's discretion, "a factor irrelevant to a particular offender is entitled to no weight. Furthermore, a court may consider any other evidence it deems relevant."[7]
Upon a review of the record, we are convinced that the trial court considered the relevant factors in making its determination that Beach was likely to engage in future sexually-oriented offenses. The trial court stated at the classification hearing that it had considered the R.C. 2950.09(B)(3) factors and found that several were relevant and entitled to greater weight than the others. As we have already noted, the court gave weight to the fact that Beach had displayed cruelty in the 1973 rape by hitting the victim with a claw hammer, punching her in the face until she lost consciousness, and abandoning her on the river bank. The court also gave weight to the victim's young age, and to the fact that only a month after his parole for the 1973 conviction, Beach had attacked two more young children using a similar weapon, which demonstrated a pattern of targeting children. The court also mentioned that notes provided by the Fayetteville, North Carolina, prosecuting attorney indicated that Beach's motive in attacking the two young children was to attempt to sexually assault the 12-year-old girl.
Beach argues that the court did not consider his age, which was 58, and that he had not committed other crimes since being released from the North Carolina prison system. We note that one of these factors is not specifically listed in R.C. 2950.09(B)(3). Regardless, we do not see how Beach's age of 58 would indicate that he would not be likely to engage in future sexually-oriented offenses, when he stated on the record, at the classification hearing, that if the trial court determined that he was a sexual predator, he would "never be able to find another job in [his] life. The only thing I'll have left is to commit crimes." Further, we are not persuaded that the trial court abused its discretion in not giving weight to Beach's statement that he had not committed any crimes since 1982. Perhaps he had not, but perhaps he had and had simply not been caught.
We have reviewed the record, and it appears that the other factors set forth in R.C. 2950.09(B)(3) have no relevance to the determination of whether Beach was likely to commit future sexually-oriented offenses. Thus, we cannot say that the trial court abused its discretion in choosing to give weight to the factors that it did. Further, we are convinced that the trial court's determination that Beach was likely to commit another sexuallyoriented offense was supported by clear and convincing evidence. Accordingly, we overrule Beach's single assignment of error.
The judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Painter, JJ.
[1] Beach, acting pro se, filed two notices of appeal from the July 29, 2004, judgment entry classifying him as a sexual predator. These appeals have been consolidated for purposes of this judgment entry.
[2] R.C. 2950.01(E) and 2950.09(B)(3); State v. Eppinger,91 Ohio St.3d 158, 2001-Ohio-247, 743 N.E.2d 881.
[3] Cross v. Ledford (1954), 161 Ohio St. 469, 477, 120 N.E.2d 118.
[4] R.C. 2950.09(B)(3).
[5] State v. Thompson, 92 Ohio St.3d 584, 2001-Ohio-1288,752 N.E.2d 276.
[6] Id. at 589.
[7] Id. at 587.